IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


RUBY D. McCROREY,                          3:10-CV-00698-BR

          Plaintiff,                       OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

          Defendant.


SARA L. GABIN
4500 S.W. Kruse Way
Suite 100
Lake Oswego, OR 97035
(503) 620-3171

          Attorney for Plaintiff

DWIGHT C. HOLTON
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**LEISA A. WOLF**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 221A
Seattle, WA  98104-7075
(206) 615-3621

       Attorneys for Defendant


**BROWN, Judge.**

    Plaintiff Ruby D. McCrorey seeks judicial review of a final decision of the Commissioner of the Social Security Admini-stration (SSA) in which he denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    Following a review of the record, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

    Plaintiff filed her applications for SSI and DIB on April 25, 2003, and alleged a disability onset date of October 1, 2002.  Tr. 72-73.[1]  The applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a

---

    [1] Citations to the official transcript of record filed by the Commissioner on January 21, 2011, are referred to as "Tr."

2 - OPINION AND ORDER

hearing on June 11, 2007.  Tr. 623-46.  At the hearing, Plaintiff
was represented by an attorney.  Plaintiff and a vocational
expert (VE) testified.

The ALJ issued a decision on June 21, 2007, in which he
found Plaintiff was not entitled to benefits.  Tr. 20-32.  That
decision became the final decision of the Commissioner on
April 11, 2008, when the Appeals Council denied Plaintiff's
request for review.  Tr. 7-9.

Plaintiff appealed the decision of the Commissioner to this
Court.  On April 22, 2009, Judge Malcolm F. Marsh issued an Order
for Remand in which he remanded the matter to the Commissioner to
"re-evaluate the medical source opinions of record, particularly
the opinion by Dr. James Harris"; to "re-contact Dr. Harris for
clarification, if necessary"; to "re-evaluate the claimant's
credibility"; and to "re-evaluate the claimant's residual
functional capacity pursuant to SSR 96-8p."  Tr. 685.

On October 2, 2009, the ALJ conducted a new hearing at which
Plaintiff, a medical expert, and a VE testified.  The ALJ issued
a decision on October 13, 2009, in which he found Plaintiff is
able to perform "jobs that exist in significant numbers in the
national economy."  The ALJ, therefore, concluded Plaintiff is
not disabled and, accordingly, is not entitled to benefits.
Tr. 653-54.  Plaintiff did not request review of the ALJ's
decision by the Appeals Council.  The decision of the ALJ,

therefore, became the final decision of the Commissioner.


## BACKGROUND

Plaintiff was born on September 8, 1960; was 46 years old at the time of the first hearing; and was 49 years old at the time of the second hearing. Tr. 47. Plaintiff has a high school education. Tr. 98. Plaintiff has past relevant work experience as a pizza deliverer, sales clerk, fast-food worker, tele-marketer, and website designer. Tr. 662.

Plaintiff alleges disability due to "chronic pain syndrom [*sic*] - back pain," an anxiety disorder, depression, and "nerve damage in lower back." Tr. 92.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 660-62.


## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to

4 - OPINION AND ORDER

last for a continuous period of not less than 12 months."
42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of
developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841
(9th Cir. 2001).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.
42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec.
Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial
evidence means more than a mere scintilla, but less than a
preponderance, i.e., such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion."  *Robbins v.
Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal
quotations omitted).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.
2001).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Robbins,*
466 F.3d at 882.  The Commissioner's decision must be upheld even
if the evidence is susceptible to more than one rational
interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir.
2005).  The court may not substitute its judgment for that of the

Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).


## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. §§ 404.1520, 416.920. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity. *Stout*,

6 - OPINION AND ORDER

454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii),
416.920(a)(4)(iii).  The criteria for the listed impairments,
known as Listings, are enumerated in 20 C.F.R. part 404, subpart
P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must
assess the claimant's Residual Functional Capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite her limitations.  20 C.F.R.
§§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling
(SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a
day, for 5 days a week, or an equivalent schedule."  SSR 96-8p,
at *1.  In other words, the Social Security Act does not require
complete incapacity to be disabled.  *Smolen v. Chater*, 80 F.3d
1273, 1284 n.7 (9th Cir. 1996).  The assessment of a claimant's
RFC is at the heart of Steps Four and Five of the sequential
analysis engaged in by the ALJ when determining whether a
claimant can still work despite severe medical impairments.  An
improper evaluation of the claimant's ability to perform specific
work-related functions "could make the difference between a
finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work she has done in the past.  *Stout*, 454 F.3d at 1052.  *See*

*also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

   If the Commissioner reaches Step Five, he must determine
whether the claimant is able to do any other work that exists in
the national economy. *Stout*, 454 F.3d at 1052. *See also* 20
C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden
shifts to the Commissioner to show a significant number of
jobs exist in the national economy that the claimant can do.
*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The
Commissioner may satisfy this burden through the testimony of a
VE or by reference to the Medical-Vocational Guidelines set forth
in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.
If the Commissioner meets this burden, the claimant is not
disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).


## ALJ'S FINDINGS

   At Step One, the ALJ found Plaintiff has not engaged
in substantial gainful activity since her October 1, 2002, onset
date.  Tr. 658.

   At Step Two, the ALJ found Plaintiff has severe impairments
of chronic pulmonary insufficiency and lumbar degenerative disc
disease.  Tr. 658.

   At Step Three, the ALJ concluded Plaintiff's impairments do
not meet or equal the criteria for any Listed Impairment from 20
C.F.R. part 404, subpart P, appendix 1.  The ALJ found Plaintiff

8 - OPINION AND ORDER

is able to lift and to carry 20 pounds occasionally and ten
pounds frequently; to sit six hours in an eight-hour work day; to
stand or to walk two hours in an eight-hour workday "provided
that she is allowed to periodically alternate sitting and
standing to relieve pain or discomfort"; occasionally to stoop,
to kneel, to crouch, and to crawl.  Tr. 659.  The ALJ found
Plaintiff should not climb and should avoid exposure to extreme
temperatures as well as to fumes, smoke, and dust.  Tr. 659.
Finally, the ALJ found Plaintiff is limited to "simple, routine,
repetitive work, and should avoid crowds, only occasionally
interacting with the general public."  Tr. 659.

At Step Four, the ALJ concluded Plaintiff is not capable of
performing her past relevant work.  Tr. 662.

At Step Five, the ALJ found Plaintiff can perform jobs that
exist in significant numbers in the national economy.  Tr. 663.
Accordingly, the ALJ found Plaintiff is not disabled.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed to find
Plaintiff's chronic pain syndrome to be severe at Step Two;
(2) improperly rejected Plaintiff's testimony; (3) improperly
rejected the opinion of Bette Seagren, treating nurse
practitioner (NP); and (4) improperly found at Step Five that
Plaintiff could perform other jobs in the national economy.

9 - OPINION AND ORDER

**I.   The alleged error by the ALJ at Step Two was harmless.**

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities."  20 C.F.R. § 404.1521(a).  *See also Ukolov*, 420 F.3d at 1003.  The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1521(a), (b).  Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. *Id.*

As noted, the ALJ found Plaintiff has the severe impairments of chronic pulmonary insufficiency and lumbar degenerative disc disease.  Plaintiff, however, asserts the ALJ erred at Step Two when he did not find Plaintiff's alleged impairment of chronic pain disorder are severe.

The Ninth Circuit has held when the ALJ has resolved Step Two in a claimant's favor, any error in designating specific

impairments as severe does not prejudice a claimant at Step Two.
*Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005)(any error in
omitting an impairment from the severe impairments identified at
Step Two was harmless when Step Two was resolved in claimant's
favor).  Because the ALJ resolved Step Two in Plaintiff's favor,
the Court concludes any error by the ALJ in failing to identify
another alleged impairment as severe is harmless.

## II.  The ALJ gave clear and convincing reasons for rejecting Plaintiff's testimony.

Plaintiff alleges the ALJ erred when he failed to give clear
and convincing reasons for rejecting Plaintiff's testimony.

In *Cotton v. Bowen,* the Ninth Circuit established two
requirements for a claimant to present credible symptom
testimony:  The claimant must produce objective medical evidence
of an impairment or impairments, and he must show the impairment
or combination of impairments could reasonably be expected to
produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th
Cir. 1986).  The claimant, however, need not produce objective
medical evidence of the actual symptoms or their severity.
*Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not
any affirmative evidence of malingering, the ALJ can reject the
claimant's pain testimony only if he provides clear and
convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742,

750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th

Cir. 1995)).  General assertions that the claimant's testimony is

not credible are insufficient.  *Id*.  The ALJ must identify "what

testimony is not credible and what evidence undermines the

claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

       The ALJ found Plaintiff has "underlying medical conditions

that could reasonably result in the symptoms she alleges if she

failed to follow her medical regimen or attempted to exceed her

residual functional capacity."  Tr. 660.  The ALJ, however, found

Plaintiff's testimony about the intensity, persistence, and

limiting effects of her symptoms "are disproportionate and not

supported by the objective medical findings or any other

corroborating evidence."  Tr. 660.  The ALJ noted Plaintiff

received treatment for her symptoms, but "the treatment has been

essentially routine and/or conservative in nature, and has been

generally successful in controlling [her] symptoms."  Tr. 660.

The ALJ pointed out that an EMG/nerve conduction study of

Plaintiff was negative for lumbar radiculopathy.  In addition, an

MRI of Plaintiff's back was essentially negative, and a CT

myelogram was "negative for demonstrable treatable lesion."

Tr. 660.  In addition, Plaintiff's lumbar MRI showed only mild

degenerative changes at L4-5 without any canal or foraminal

narrowing.  Tr. 660.  Fredrick Waller, M.D., examining

neurosurgeon, stated in September 2002 that he "would consider

[Plaintiff's MR imaging of her lumbar and thoracic spines] to
look better than most 41-year old MR scans that I've seen."
Tr. 239.  The ALJ pointed out that the notes of Plaintiff's
doctor regarding office visits "reflect numerous occasions on
which [Plaintiff] did not specify any particular complaint and
relatively infrequent trips to the doctor for the allegedly
disabling symptoms."  The ALJ also noted even though Plaintiff
testified she was unable to seek treatment or to obtain
medications due to a lack of funds, the record does not reflect
Plaintiff visited emergency rooms or free or low-cost clinics
"that exist in [her] area" or attempted to "use one of the many
programs to provide prescription medications to persons of
limited means."  Tr. 660.

    Plaintiff, however, points out that the record reflects she
went to the emergency room 12 times because of the pain she was
experiencing.  The Court notes, however, that nine of those
visits occurred outside of the relevant period and during the
time Plaintiff was still working.  The three remaining visits
were in December 2002 and were related to a fall Plaintiff
suffered that same month.

    On this record the Court finds the ALJ provided clear and
convincing reasons supported by substantial evidence in the
record for finding Plaintiff's testimony not entirely credible as
to the intensity, persistence, and limiting effects of her

13 - OPINION AND ORDER

conditions.  The Court, therefore, concludes the ALJ did not err when he rejected Plaintiff's testimony in part.

**III. The ALJ did not err when he did not give significant weight to the June 24, 2003, opinion of NP Seagren.**

Plaintiff contends the ALJ erred when he did not give significant weight to the June 24, 2003, opinion of NP Seagren that Plaintiff was only able to sit on her left hip, could not sit for more than five or ten minutes, could stand only ten or fifteen minutes without fatigue, could lift ten pounds, cannot travel, and suffered chronic pain syndrome.  Tr. 319.

Medical sources are divided into two categories: "acceptable" and "not acceptable."  20 C.F.R. § 416.902. Acceptable medical sources include licensed physicians and psychologists.  20 C.F.R. § 416.902.  Medical sources classified as "not acceptable" include, but are not limited to, nurse practitioners, therapists, licensed clinical social workers, and chiropractors.  SSR 06-03p, at *2.  The Social Security Administration notes:

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not acceptable medical sources, such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists.  Opinions from these medical sources, who are not technically deemed acceptable medical sources under our rules, are important and should be evaluated on key issues such as impairment severity and functional

14 - OPINION AND ORDER

effects, along with the other relevant evidence in the file.

SSR 06-03p, at *3.  Factors the ALJ should consider when determining the weight to give an opinion from those "important" sources include:  the length of time the source has known the claimant and the number of times and frequency that the source has seen the claimant; the consistency of the source's opinion with other evidence in the record; the relevance of the source's opinion; the quality of the source's explanation of his opinion; and the source's training and expertise.  SSR 06-03p, at *4.  On the basis of the particular facts and the above factors, the ALJ may assign a not-acceptable medical source either greater or lesser weight than that of an acceptable medical source.  SSR 06-03p, at *5-*6.  The ALJ, however, must explain the weight assigned to such sources to the extent that a claimant or subsequent reviewer may follow the ALJ's reasoning.  SSR 06-03p, at *6.

The ALJ did not give significant weight to NP Seagren's opinion because she "relied quite heavily on the subjective report of symptoms and limitations provided by [Plaintiff] and seemed to uncritically accept as true most, if not all, of what [Plaintiff] reported."  Tr. 661.  The ALJ also found NP Seagren's opinion rested in part on a diagnosis of chronic pain syndrome, which is "an impairment outside her area of expertise."  Tr. 661.  Finally, the ALJ noted NP Seagren's opinion was brief and

15 - OPINION AND ORDER

conclusory.

The Court concludes on this record that the ALJ did not err when he gave little weight to NP Seagren's opinion because he provided legally sufficient reasons for doing so.

**IV.  The ALJ did not err at Step Five**.

Plaintiff contends the ALJ erred at Step Five when he found Plaintiff could perform other jobs in the national economy because the ALJ failed to consider the limitations indicated by Plaintiff and NP Seagren in his decision.  Because the Court has found the ALJ properly rejected Plaintiff's testimony in part and properly assigned little weight to the opinion of NP Seagren, the Court concludes the ALJ did not err at Step Five when he failed to include the limitations indicated by Plaintiff and NP Seagren in his assessment of Plaintiff's ability to do other jobs existing in the national economy.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 14th day of September, 2011.


/s/ Anna J. Brown

_____

16 - OPINION AND ORDER

ANNA J. BROWN
United States District Judge

17 - OPINION AND ORDER